THE CAMPBELL & CAMERON COMPANY, Appellant, vs. THE
ESTATE OF CARNAGIE, Respondent.

*November 20 — December 10, 1897.*

*Contracts: Construction: Mechanics' liens: Trust fund.*

1. A provision in a contract with the state board of control for the
   construction of a warden's residence, that the balance of the con-
   tract price should be paid as soon, as the board were satisfied that
   the work had been completed and were assured against the exist-
   ence of any mechanics' liens on the building, was not inserted for
   the benefit of the material men or mechanics, but solely to protect
   the state against any possible expense or charge on account of such
   liens. A balance due the contractor, which had been paid over to
   his administrator after his death, did not, therefore, constitute a
   trust fund in the hands of the latter for the payment of claims of
   laborers or material men, so as to give them a preference.
2. The fact that a short time before the death of the contractor in such
   case he examined the account of a material man, agreed upon the
   balance due him, and orally promised to pay it when he received
   the balance due from the board of control, would not impress such
   balance with a trust in favor of the material man.

APPEAL from a judgment of the circuit court for Columbia
county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The *Campbell & Cameron Company*, a corporation, filed a
petition in the county court of Columbia county, in the mat-
ter of the estate of Alexander Carnagie, deceased, to declare
a certain fund under the control of the state board of con-
trol, due upon a contract for building a residence for the
warden of the state prison at Waupun, between said Alex-
ander Carnagie and said board, a trust fund for the payment
of the petitioner's claim. Upon answer and a hearing had,
the court denied the relief prayed for, and the cause came
before the circuit court for the same county on appeal, where
the order of the county court was affirmed.

It appears from the finding of facts on the trial in the cir-
cuit court that said Alexander Carnagie erected for the

state a warden's residence at the state prison at Waupun, for the sum of $5,000, and it was accepted December 1, 1893; that one third of said sum was payable August 10, 1893, one third September 10, 1893, and the remainder on completion of the work, or as soon thereafter as the board of control were satisfied that the building was completed, and were assured against the existence of any mechanics' liens thereon; that the entire contract price was paid before December 1, 1893, except $1,063.85; that said Alexander Carnagie died, intestate, December 12, 1893, and A. H. Carnagie is the administrator of his estate, which had not been settled; that the petitioner furnished said Alexander Carnagie in his lifetime lumber and building materials, between August 18 and November 14, 1893, to be used, and which were used, in the erection of said building, upon which a balance of $447.20 remained unpaid; that said Carnagie left a homestead, worth $2,000; that debts had been allowed against his estate to the amount of $5,343.94; that his administrator, February 28, 1895, received from the state board of control the balance due his intestate for erecting said building, of $1,063.85; and that the said decedent, in his lifetime, promised petitioner's agent that he would pay the balance for said lumber, etc., when he collected the money from the state board of control.

The court held that the moneys so paid to the administrator of Alexander Carnagie formed a part of the general assets of the estate of said decedent and did not constitute a trust fund for the payment of the petitioner's demand, and that it was not entitled to any relief on the petition. Judgment was thereupon given, affirming the order of the county court, with costs, from which said petitioner appealed.

For the appellant there was a brief by *Phillips & Hicks,* and oral argument by *E. R. Hicks.*

For the respondent the cause was submitted on the brief of *J. H. Rogers.*

PINNEY, J.　There was a clause in .the contract to the effect that the balance of the contract price 'should be paid "as soon as the board of control are satisfied that said work has been completed, and are assured against the existence of any mechanics' liens on said building." This clause was inserted, not for the benefit of the material men or mechanics, but solely to protect the state against any possible expense or charge on account of liens that might possibly be filed against the building. It was not inserted to give such parties any interest in or control over the fund. It is well understood that no such liens could be allowed or enforced. No agreement is shown that material men or mechanics should have any interest in the unpaid balance, or any right to control or direct its payment; nor has there been shown any assignment, either legal or equitable, or any order, oral or written, by Carnagie, for the payment of any part of that fund to the plaintiff or any other person. In a general sense, the money appropriated for erecting the building was held in trust for that purpose, and could not be diverted by the board of control to any other purpose; but the fund was in no proper sense a trust fund for the petitioner, so that it might intervene and ask a court of equity to apply any part of it to the payment of the balance due the petitioner from Carnagie or his personal representative. The agreement between Carnagie and the board of control, referred to, does not inure to the benefit of the petitioner, either legally or equitably; nor was it a party or privy to that contract; nor was it designed to bind or benefit it by its provisions. It is impossible to say that the balance due Carnagie was in any sense a trust fund for the payment of the balance due from him to the petitioner, or was intended as such. Upon Carnagie's death it passed to his personal representative, to be disposed of in due course of administration, and payment could not lawfully be made by the board of control to any one else upon any alleged

parol promise made by Carnagie in his lifetime. The peti-
tioner's case wholly fails. It has failed to show that the
money due to Carnagie, and paid over to his personal rep-
resentative, was in any sense whatever a trust fund as to it
or for its benefit.

It asked certain findings of fact,—in substance, that, a
short time before his death, Carnagie examined the account
of the petitioner, and agreed that the balance due it was
$447.21, and he would pay the same from the balance due
him from the board of control when the board of control
paid him the balance due on his contract, but that he was
taken fatally ill and died, before he was able to carry out
said agreement. This finding was properly refused. It
could not have been of the slightest avail to the petitioner.

For the reason stated, the judgment of the circuit court
was correct.

*By the Court.*— The judgment of the circuit court is af-
firmed.